NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10452 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00062-JAM-1 |
| v. | |
| ANNA KUZMENKO, AKA Anna Sorokina, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted December 14, 2016**
San Francisco, California

Before: GRABER and HURWITZ, Circuit Judges, and FOOTE,*** District Judge.

Anna Kuzmenko appeals her conviction for wire fraud, 18 U.S.C. § 1343,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

arguing that the district court erred in instructing the jury on materiality and in failing to compel the government to grant immunity to a witness. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Even assuming that Kuzmenko did not waive her objection to the materiality instruction, the instruction was not plainly erroneous. *See United States v. Peterson*, 538 F.3d 1064, 1070 (9th Cir. 2008) (requiring plain error review in absence of objection to instruction below). In defining materiality, the instruction used wording substantially similar to that in *Neder v. United States*, 527 U.S. 1, 16 (1999).

2. The assertion in the indictment that the lender "relied" on Kuzmenko's statements was surplusage because the government did not need to prove reliance. *See id.* at 24–25 (noting reliance is not an element of wire fraud); *United States v. Renzi*, 769 F.3d 731, 756 (9th Cir. 2014) (defining surplusage). Thus, the district court did not constructively amend the indictment by omitting reliance from the materiality instruction. *See Renzi*, 769 F.3d at 757; *United States v. Hartz*, 458 F.3d 1011, 1019–22 (9th Cir. 2006).

3. Kuzmenko did not ask the district court to compel the government to grant immunity to the witness who invoked the Fifth Amendment, but rather moved the

2

court to deem the witness unavailable and allow his out-of-court statements to be read to the jury; the court granted that motion. We therefore review for plain error whether the court should have granted immunity sua sponte. *See United States v. Olano*, 507 U.S. 725, 731–32 (1993). There was no error, plain or otherwise. Kuzmenko has not demonstrated that the witness's testimony would have been "relevant," *United States v. Straub*, 538 F.3d 1147, 1162 (9th Cir. 2008), because even assuming the witness could testify that the lender's employees knew that Kuzmenko's loan application contained false statements, that testimony would not have absolved her of wire fraud. *See United States v. Lindsey*, 827 F.3d 865, 867 (9th Cir. 2016); *United States v. Molinaro*, 11 F.3d 853, 857 (9th Cir. 1993). Moreover, Kuzmenko concedes that the government did not "intentionally" cause the witness to invoke the Fifth Amendment, and she has not identified any immunized government witness whose testimony the witness would have "directly contradicted." *Straub*, 538 F.3d at 1162. This is not the "exceptional" case in which immunity should have been compelled. *Id.* at 1166.

**AFFIRMED.**